IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMITT GRIER, | ) |
|       Petitioner, | ) Case No. 1:18-cv-00114 (Erie) |
| | ) |
| | ) RICHARD A. LANZILLO |
| vs. | ) UNITED STATES MAGISTRATE JUDGE |
| | ) |
| THERESA DALBALSO, et al, | ) OPINION AND ORDER ON |
| | ) PETITION FOR WRIT OF HABEAS |
|       Respondents | ) CORPUS (ECF No. 3) |

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Emmitt Grier (Grier) pursuant to 28 U.S.C. § 2254. ECF No. 3. He is challenging the judgment of sentence imposed upon him on August 10, 2000, by the Court of Common Pleas of Erie County, Pennsylvania at its criminal docket number CP-25-CR-002646-1999. Respondents argue that Grier's petition is barred by the applicable statute of limitations. The Court agrees, and for the reasons that follow, the instant habeas petition will be dismissed as untimely. And because reasonable jurists would not find this disposition debatable, a certificate of appealability shall not be issued.

I.     Factual and Procedural Background

The Court takes the following factual and procedural background from the Pennsylvania Superior Court's April 17, 2017 decision addressing Grier's appeal from his most recent petition for relief under the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S.A. § 9545, et seq. (PCRA).[1] The Superior Court, in turn, incorporated this information from the opinion in support of the Court of Common Pleas for Erie County's order dismissing Grier's PCRA petition:[2]

> On August 31st, 1999, [a]ppellant was arrested and charged with two counts of Rape by Forcible Compulsion, in violation of 18 Pa.C.S.[A.] § 3121(a)(1), one count of Criminal Attempt – Rape, in

---

[1] Grier is identified as "appellant" in the Superior Court's summary.

[2] The Court notes that Grier, in his habeas petition, also adopted the Court of Common Pleas' factual and procedural summary verbatim. ECF No. 3, pp. 16-20.

1

violation of 18 Pa.C.S.[A.] § 901(a), three counts of Unlawful Restraint – Risking Serious Bodily Injury, in violation of 18 Pa.C.S.[A.] § 2902(1), one count of Kidnapping to Facilitate a Felony, in violation of 18 Pa.C.S.[A.] § 2901(a)(2), and one count of Burglary, in violation of 18 Pa.C.S.[A.] § 3502(a), regarding three separate incidents occurring on June 30th, 1998; November 12th, 1998 and August 31st, 1999. Appellant's counsel, A.J. Adams, Esq., filed a Motion for Competency Evaluation and Continuance on March 8th, 2000, which was granted by Judge William R. Cunningham on March 8th, 2000. A.J. Adams, Esq., filed a Motion to Withdraw as Counsel on April 18th, 2000, citing "a personality conflict." Judge Cunningham granted Attorney Adam's [sic] Motion to Withdraw as Counsel on April 20th, 2000 and appointed the Erie County Public Defender's Office to represent [a]ppellant. Appellant's counsel, James A. Pitonyak, Esq., filed a Notice of Alibi Defense on May 26th, 2000.

A [j]ury [t]rial was held before the undersigned judge from June 20th to June 22nd, 2000. The jury found [a]ppellant guilty of Counts 1 & 2 at docket no. 2646–1999, Counts 1 & 2 at docket no. 2647–1999 [Footnote 1], and Counts 1, 2 & 3 on 2648–1999. On August 10th, 2000, this Trial Court sentenced [a]ppellant [to an aggregate term of imprisonment of 28½ to 75 years].

> [Footnote 1] Count 3: Kidnapping to Facilitate a Felony at docket no. 2647-1999 was withdrawn by the Commonwealth.

. . . .

Appellant, by and through Attorney Pitonyak, filed a Motion for Judgment of Acquittal/Motion for a New Trial/Motion for Reconsideration and/or Modification of Sentence on August 15th, 2000, which were denied by this Trial Court on August 15th, 2000. Appellant, by and through Attorney Pitonyak, filed a Notice of Appeal to the Pennsylvania Superior Court on August 30th, 2000. The Pennsylvania Superior Court affirmed [a]ppellant's judgment of sentence on [August 15], 2001. Appellant filed a *pro se* Petition for Allowance of Appeal to the Pennsylvania Supreme Court on October 15th, 2001, which was denied on [April 24], 2002.

Appellant, *pro se*, filed his first PCRA Petition on August 6th, 2002. On August 7th, 2002, this Trial Court appointed William J. Hathaway, Esq., as [a]ppellant's PCRA counsel and directed Attorney Hathaway to supplement/amend [a]ppellant's first PCRA Petition within thirty (30) days. Following a request for extension of time, which was granted, Attorney Hathaway filed a Supplement to [a]ppellant's first PCRA Petition on October 1st, 2002. By Order dated October 3rd, 2002, this Trial Court directed the Commonwealth to respond to [a]ppellant's first PCRA Petition within thirty (30) days.

Assistant District Attorney Chad J. Vilushis filed a Response to [a]ppellant's first PCRA Petition on October 24th, 2002. Following two Evidentiary Hearings on November 27th, 2002 and December 23, 2002, this Trial Court dismissed [a]ppellant's first PCRA Petition on January 24th, 2003.

On April 10th, 2003, upon consideration of correspondence received from [a]ppellant on April 9th, 2003 [Footnote 2], wherein [a]ppellant requested his right to appeal the dismissal of his first PCRA Petition be granted *nunc pro tunc*, this Trial Court directed the Commonwealth to respond to [a]ppellant's correspondence within fourteen (14) days. Assistant District Attorney Chad J. Vilushis filed a Response on April 11th, 2003 objecting to the reinstatement of [a]ppellant's right to appeal. Following an Evidentiary Hearing on May 19th, 2003, this Trial Court granted [a]ppellant's second PCRA Petition, reinstated [a]ppellant's right to appeal the dismissal of his first PCRA Petition *nunc pro tunc* and directed Attorney Hathaway to file said appeal within thirty (30) days. On June 5th, 2003, [a]ppellant, by and through Attorney Hathaway, filed a Notice of Appeal to the Pennsylvania Superior Court. On September 23rd, 2003, [a]ppellant filed a Motion for Appointment of New Counsel, which this Trial Court denied on September 24th, 2003. The Pennsylvania Superior Court affirmed the dismissal of [a]ppellant's first PCRA Petition on [March 25], 2004. Appellant, by and through Attorney Hathaway, filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on May 18th, 2004, which was denied on [November 30], 2004.

> [Footnote 2] Appellant's April 9th, 2003 correspondence was treated as [a]ppellant's second PCRA Petition. William J. Hathaway, Esq. consented to assist Appellant.

On January 6th, 2005, [a]ppellant filed a *pro se* 42 U.S.C. § 1983 claim in the United States District Court for the Western District of Pennsylvania against Superintendent Edward J. Klem, Erie County District Attorney's Office, the Commonwealth of Pennsylvania and the Office of Prothonotary, claiming these parties violated his procedural due process rights by refusing him access to the rape kits for DNA testing. Appellant filed a *pro se* Motion for Summary Judgment on July 28th, 2005, which was dismissed as premature by United States District Magistrate Judge Susan Paradise Baxter on August 1st, 2005. Edward J. Klem, by and through his counsel, Mary L. Friedline, Esq., filed a Motion to Dismiss on October 4th, 2005. The Erie County District Attorney's Office, by and through its counsel, Matthew J. McLaughlin, Esq., Assistant Solicitor for Erie County, filed a Motion to Dismiss on January 23rd, 2006. On January 24th, 2006, United States District Judge Sean J. McLaughlin, who was

3

initially assigned to preside over [a]ppellant's § 1983 claim, recused himself and reassigned the matter to Senior United States District Judge Maurice B. Cohill, Jr. Appellant filed a second *pro se* Motion for Summary Judgment on March 30th, 2006, and filed a third *pro se* Motion for Summary Judgment on April 10th, 2006. On May 15th, 2006, Judge Baxter filed her Report and Recommendation, wherein she recommended Edward J. Klem's and the Erie County District Attorney's Office's Motions to Dismiss be granted and [a]ppellant's two Motions for Summary Judgment be dismissed as "an improper attempt to collaterally attack his state court criminal conviction and sentence." By Order dated June 29th, 2006, Judge Cohill, Jr. adopted Judge Baxter's Report and Recommendation, granted Edward J. Klem's and the Erie County District Attorney's Office's Motions to Dismiss and denied [a]ppellant's two Motions for Summary Judgment. Appellant filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit on July 26th, 2006. On January 12th, 2010, the United States Court of Appeals for the Third [Circuit], in an Opinion published by Senior United States Circuit Judge Franklin S. Van Antwerpen, vacated Judge Cohill, Jr.'s Order and remanded for further proceedings, holding the case of ***Heck v. Humphry***, 512 U.S. 477 (1994), does not bar a § 1983 claim requesting access to evidence for post-conviction DNA testing. On remand, Judge Baxter, in a Report and Recommendation dated September 19th, 2011, determined [a]ppellant's procedural due process rights had been violated and recommended [a]ppellant's Motion for Summary Judg[ment] be granted. On October 19th, 2011, Judge Cohill, Jr. adopted Judge Baxter's Report and Recommendation and granted [a]ppellant's Motion for Summary Judgment, wherein final judgment for [a]ppellant was entered on November 10th, 2011. The Erie County District Attorney's Office filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. Prior to a decision being rendered by the United States Court of Appeals for the Third Circuit, the parties agreed upon a Stipulated Order for Post–Conviction DNA Testing and filed a Joint Motion for Entry of Consent Judgment on September 10th, 2012. The Erie County District Attorney's Office filed a Motion to Voluntar[ily] Dismiss the Appeal, which was granted on September 17th, 2012.

The rape kits were submitted to Bode Technology in Lorton, Virginia for testing. A Forensic Case Report dated January 31st, 2013 and a Supplemental Forensic Case Report dated October 5th, 2014 were both submitted. Upon receiving these Reports, [a]ppellant filed the instant *pro se* PCRA Petition, his third, on January 9th, 2015. This Trial Court appointed William J. Hathaway, Esq., as [a]ppellant's PCRA counsel on January 22nd, 2015. Attorney Hathaway filed a Motion to Withdraw as Counsel on January 28th, 2015, citing a conflict. This Trial Court granted Attorney Hathaway's Motion to Withdraw on February 4th, 2015, and appointed Thomas D. Brasco,

4

>  Jr., Esq., as [a]ppellant's PCRA counsel, who was directed to supplement/amend [a]ppellant's third PCRA Petition within thirty (30) days. Following several extensions, Attorney Brasco filed a Supplement to [a]ppellant's third PCRA Petition on January 22nd, 2016. On January 26th, 2016, this Trial Court directed the Commonwealth to respond to the Supplement to [a]ppellant's third PCRA Petition within thirty (30) days. Assistant District Attorney Michael E. Burns filed a Response to Supplement to Motion for Post–Conviction Collateral Relief on February 24th, 2016. An Evidentiary Hearing was scheduled for April 18th, 2016, where, by Stipulation, counsel only presented oral arguments. Following the Evidentiary Hearing, this Trial Court filed its Notice of Intent to Dismiss Appellant's third PCRA Petition as patently untimely and stating no grounds for which relief may be granted under the [PCRA]. Appellant filed Objections to PCRA Court's Notice of Intent to Dismiss on May 27th, 2016. On May 27th, 2016, this Trial Court dismissed [a]ppellant's third PCRA Petition.
>
>  Appellant filed a Notice of Appeal to the Superior Court on June 10th, 2016. This Trial Court filed its 1925(b) Order on June 10th, 2016. Appellant filed a Motion for Extension of Time to file a Concise Statement on [June 30], 2016, which was granted by this Trial Court on July 1st, 2016 and provided an additional five (5) days for [a]ppellant to file his Concise Statement. On July 6th, 2016, [a]ppellant filed his Concise Statement of Errors Complained of on Appeal.

*Commonwealth v. Grier*, 2017 WL 1379940, *1-3 (Pa. Super. Ct. Apr. 17, 2017) (citing PCRA court opinion, 8/9/16 at 2-6 (internal references omitted in part)) (emphasis in original).[3]

As noted, Grier filed his most recent PCRA petition with the Erie County Court of Common Pleas on January 9, 2015, which the Common Pleas Court dismissed pursuant to its

---

[3] The Superior Court also detailed the factual basis for the criminal charges against Grier in its decision:

>  The record reflects that appellant's convictions resulted from three separate incidents that involved the same victim, who was the mother of appellant's girlfriend and the grandmother of his children. (Notes of testimony, 6/20/00 at 43.) The victim testified that on June 30, 1998, she was in bed and lying on her stomach when she felt someone on her back who then taped her eyes and her head before he raped her. (*Id.* at 31–32.) The victim further testified that on November 12, 1998, she was driving her van when she heard noise coming from the rear of the van, and "then the next thing [she knew,] the hood of [her] coat [came] over [her] face and he tape[d] the hood around [her] neck so that [her] face [was] covered" before he attempted to rape her. (*Id.* at 46.) The victim also testified that on August 31, 1999, appellant arrived at her home claiming to need water and then raped her. (*Id.* at 55–62.)

*Id.* at *1 n.1.

5

May 27, 2016 order as untimely and for failure to state a claim upon which relief may be granted. In its April 17, 2017 decision, the Superior Court affirmed, and the record does not demonstrate that Grier petitioned for allowance of appeal to the Supreme Court of Pennsylvania.

Grier filed the instant petition for a writ of habeas corpus with this Court on May 2, 2018, and the matter was assigned to then-United States Magistrate Judge Susan Paradise Baxter. ECF No. 3. On May 10, 2018, Judge Baxter entered an order directing the United States Marshal to make service and directing the District Attorney of Erie County to file an Answer on behalf of all Respondents. ECF No. 4. On June 29, 2018, Respondents filed a response to Grier's petition, and a copy of the state court record was filed on July 3, 2018. ECF Nos. 8, 9. Grier filed a reply on September 26, 2018. ECF No. 16. In September of 2018, the parties consented to proceeding before, and having the matter adjudicated by, a United States Magistrate Judge. ECF Nos. 14, 15. The case has since been reassigned to the undersigned. ECF No. 17.

II.   Grier's Claims

Grier's habeas petition purports to raise four grounds for relief:

> GROUND ONE – The trial Court's use of and citation to, any remarks made by attorney James Pitonyak at the PCRA hearing, held November 27, 2002, to determine whether an evidentiary hearing shall be held, is improper and an abuse of discretion and therefore a denial of petitioner's 14th Amendment Due Process Right, and Fundamental right of the constitution of law.

> GROUND TWO – The Court should apply the point of law in Commonwealth v. Hawks requiring any and all DNA testing results where identification is at issue to go to a jury to the PCRA [statute] concerning DNA testing. In all Fundamental Fairness of the Constitution law.

> GROUND THREE – Acknowledgment by the Western District of PA Federal Court that Petitioner's procedural due process right has been violated by barring Petitioner access to DNA testing should have tolled the timeliness of any subsequent PCRA petition. In all Fundamental Fairness of the Constitution Law.

6

> GROUND FOUR – A miscarriage of justice did occur, and has been occurring since the hearing November 27, 2002, here Attorney Pitonyak was allowed to testify without being sworn, offer evidence in a non-evidentiary hearing, and was cited to by trial court, [PCRA] Court, Third Circuit Court, and Western District of PA Court as Valid evidence of trial strategy, without offering Petitioner the right to confront the "witness," in violation of the Conflict Clause of the 6th Amendment of the Constitution. And the 14th Amendment to the Fundamental Right to the Constitution Law.

ECF No. 3. It is evident from a review of the record that the issues raised by Grier here are essentially the same as those he raised before the Erie County Court of Common Pleas in support of his January 9, 2015 PCRA petition. In fact, his habeas petition includes a portion of the Common Pleas Court's opinion (ECF No. 3, pp. 16-20), and his reply brief is a copy of the appellate brief his counsel filed with the Pennsylvania Superior Court. ECF No. 16. As such, Grier's claims have not been re-tailored to meet or address the criteria for raising a federal habeas petition under Section 2254. Nonetheless, cognizant that the instant petition was filed *pro se*, the Court has construed Grier's filings in the light most favorable to him and as raising all reasonably identifiable claims.[4]

III.   The AEDPA Statute of Limitations Bars Grier's Petition.

The Respondents argue, *inter alia*, that Grier's habeas petition is untimely and should be dismissed. *See* ECF No. 8, pp. 5-6.

   A.   AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

---

[4] *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Holley v. Department of Veterans Affairs*, 165 F.3d 244, 247 (3d Cir. 1999). However, even a *pro se* plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

7

> to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to Section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" state applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to Section 2244(d)(2). *See id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *See id.*

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). The Court will, therefore, consider Grier's claims separately in reviewing the timeliness of his petition.

8

B. Application to Grier's Claims

1. Trigger Date Calculation

As the Court discussed above, Grier simply re-states the arguments he made in his most recent PCRA proceedings without making any real attempt at explaining how his claims are properly raised under Sections 2254 or 2244. Accordingly, determining the proper trigger date is not an easy task in this case.[5] Grounds One and Four, for instance, both challenge the state court's reliance on testimony offered by Grier's former attorney James Pitonyak at a PCRA hearing held on November 27, 2002, in adjudicating his collateral state petitions. It is clear though that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). *See also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum for [a prisoner] to pursue claims of error at the PCRA proceeding . . . . It is the original trial that is the 'main event' for habeas purposes."); *Thompson v. McGinley*, 2020 WL 1984908, *13 (W.D. Pa. Apr. 27, 2020). Accordingly, the Court cannot consider any claims raised by Grier challenging any alleged mistakes made by the state courts in deciding his PCRA petitions. Similarly, Ground Three states that the Section 1983 action adjudicated in federal court tolled the time Grier had to file a PCRA petition. This would appear, then, to challenge the state court's determination that his January 9, 2015 PCRA petition was untimely. However, the AEDPA does not authorize this Court to review the decision of the state court. *See Wagner v. Cameron*, 2009 WL 5178456, *4 (W.D. Pa. Dec. 31, 2009) (citing *Guarino v. Larsen*, 11 F.3d 1151,

---

[5] It does not help that in the section of his habeas petition where Grier attempts to explain why his petition is timely, he merely attaches a portion of the PCRA Court's opinion, which address the timeliness of that PCRA petition, but *not* the timeliness of the habeas petition here. ECF No. 8, pp. 14-20.

9

1156-57 (3d Cir. 1993)). Therefore, this Court cannot rule that Grier's 2015 PCRA petition was, in fact, timely filed in Pennsylvania's court system. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85-86 (3d Cir. 2013) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)).

Nonetheless, Grier's assertions in Grounds One and Four regarding Attorney Pitonyak's testimony arguably relate to his underlying claim that the trial court erred in failing to ensure that DNA evidence was presented to the jury at his 2000 trial. Moreover, Ground Two appears to allege the failure of the trial court to apply case law that would have required DNA evidence to be submitted to the jury. The Court could, therefore, reasonably infer that Grier is seeking relief from his original judgment of sentence and read Grounds One through Four in that light. These claims do not implicate newly enunciated constitutional rights, and there were no state-created impediments that prevented Grier from raising these claims sooner.[6] To the extent, then, that the claims challenge decisions made by the trial court and are not based on facts that were discovered later, the "trigger date" for these claims would be the date on which Grier's judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).

The Pennsylvania Superior Court affirmed Grier's conviction and sentence on August 15, 2001. Grier filed a petition for allowance of appeal with the Supreme Court of Pennsylvania which was denied on April 24, 2002. Therefore, his judgment of sentence became final 90 days later, on July 23, 2002, and the one-year AEDPA clock began to run the next day. This was, in fact, the same date relied upon by the Pennsylvania Superior Court in rendering its decision. *See Grier*, 2017 WL 1379940, *4. Thus, Grier had until July 23, 2003, to file a timely federal habeas petition. Even applying the prisoner mailbox rule, Grier's habeas petition was not filed until April 11, 2018, the

---

[6] Indeed, Grier has already raised these claims in various state proceedings.

10

date he signed it. *See, e.g., Scales v. Atty. Gen. of Penna.*, 2018 WL 3823779, *1 (W.D. Pa. Aug. 10, 2018). This, of course, would mean that the instant habeas petition was filed many years outside of the one-year limitations period.

However, it must also be noted that all of Grier's claims pertain to his access to DNA evidence and his contentions that he was/is entitled to have that evidence submitted to a jury. Grier's claims, therefore, considered as a whole, seem to raise the argument that he was prejudiced by the lack of DNA evidence at his trial in June of 2000. Indeed, as the Pennsylvania Superior Court noted, "the gravamen of appellant's complaint is that he is entitled to a new trial based upon the DNA evidence." *Grier*, 2017 WL 1379940, *5 (internal citations omitted). As discussed above, no DNA evidence was available at the time of trial, and no such evidence became available until January 31, 2013. Additional DNA evidence became available on October 5, 2014.[7] If the Court were to consider Grier's claims to be based on facts that were discovered later, *i.e.*, the results of the DNA testing, the trigger date would be considerably later, as late possibly as October 5, 2014. This would have required his federal petition to have been filed by October 5, 2015. While, as noted, it was not filed until April 11, 2018, consideration of this date could impact the issue of whether there is any applicable statutory or equitable tolling that would render the petition timely. The Court, therefore, will look at the issue of tolling through the lens of each possible trigger date – July 23, 2002 and October 5, 2014.

    2.    Statutory Tolling

Regardless of which date the Court were to use, Grier's habeas petition is still untimely after applying the AEDPA's statutory tolling provisions. Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction

---

[7] Grier only sought and obtained DNA testing of the rape kit used in connection with the June 30, 1998 rape, and did not obtain new evidence in regard to the other two alleged incidents. *See Grier*, 2017 WL 1379940, *6 n.3.

11

proceeding. Grier filed his first PCRA petition on August 6, 2002, and it appears to have been properly filed.[8] Accordingly, the statute of limitations was tolled from that date until the proceedings concluded when the Pennsylvania Supreme Court denied Grier's petition for allowance of appeal on October 30, 2004.[9]

However, the AEDPA's limitations period was not tolled based on the various other actions filed by Grier after October of 2004. Grier appears to argue that his time to file the petition was tolled during the pendency of the Section 1983 action he filed in federal court that was pending from January 6, 2005 through September 17, 2012. However, Section 2244(d)(2) applies only to post-conviction or other collateral review before the state, not to federal collateral review. *See Duncan v. Walker*, 533 U.S. 167, 172, 181-82 (2001). Accordingly, courts have consistently found that federal Section 1983 actions do not toll Section 2244's limitations period. *See, e.g., Quoc Xuong Luu v. Singh*, 411 Fed. Appx. 963 (9th Cir. 2011); *Nunn v. Perry*, 2015 WL 11090928, *2 (E.D.N.C. May 14, 2015); *Kevilly v. Connell*, 2009 WL 750227, *5 n.5 (E.D.N.Y. Mar. 19, 2009); *Wilson v. Giles*, 2006 WL 3350089, *4 (M.D. Ala. Nov. 16, 2006). Moreover, to the extent Grier attempts to argue that he is entitled to statutory tolling for the time his 2015 PCRA petition was pending in the state courts, he is incorrect. As the Court has noted, that petition was dismissed as untimely and was thus not "properly filed" within the meaning of Section 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (An application for state post-conviction relief or collateral review is "properly filed" as required to toll the AEDPA's statute of limitations period for filing a federal habeas petition "'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]'

---

[8] As the Court outlined previously, Grier filed what was ultimately construed as a second PCRA petition on April 9, 2003. However, that petition, which was granted, merely reinstated Grier's right to appeal the dismissal of his first PCRA petition. The entirety of the proceedings regarding this second petition is encompassed within the time already found to have tolled the limitations period in connection with the first petition.

[9] A petitioner is not entitled to statutory tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court following state collateral review, even if the petition is actually filed. *See Lawrence v. Florida*, 549 U.S. 327, 333-334 (2007).

notwithstanding the substance or merits of the claims contained within the application itself."). *See also Pace*, 544 U.S. at 417 (a federal court is bound by a state court's finding that a petitioner's PCRA petition was untimely).

Therefore, the only applicable period of statutory tolling in this matter is from August 6, 2002 through October 30, 2004. While this tolling period would apply were the Court to use July 23, 2002 as the trigger date, Grier's habeas petition would still have been filed many years too late. The tolling period would not apply were the Court to use October 5, 2014, as the trigger date, meaning that Grier's petition would also have been filed outside of the statutorily permissible period in that scenario as well.

        3.      Equitable Tolling

Next, the Court must consider whether the AEDPA's statute of limitations should be equitably tolled, thereby rendering Grier's petition timely filed. *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that the habeas time bar is not jurisdictional, but instead subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649-50 (2010). But the AEDPA's one-year limitations period may be equitably tolled only in extraordinary situations. *See id. See also Severs v. Atty. Gen. of New Jersey*, 793 Fed. Appx. 72, 74 (3d Cir. 2019) (citing *Holland*). The limitations period will be equitably tolled "when the principle of equity would make the rigid application of a limitation period unfair." *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003)); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). To receive the benefit of equitable tolling, Grier must show (1) that he pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *See Holland*, 560 U.S. at 649. "[A] court should be sparing in its use of the

doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

Grier can establish neither of these criteria and is, therefore, not entitled to equitable tolling. First, he has failed to show that he pursued his rights diligently. The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence" not maximum diligence. *Varano*, 712 F.3d at 799 (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, taken in light of the petitioner's circumstances. *See id.* (citations omitted). Grier bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Varano*, 712 F.3d at 800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).

Grier has not addressed the issue of whether the instant habeas petition is timely, let alone the issue of equitable tolling. The question of whether to obtain and offer DNA evidence has been actively discussed in this case since before Grier's criminal trial in June of 2000. While Grier has filed various actions over the years pertaining to the issue of DNA evidence, he has allowed the process to drag out for two decades with no real explanation as to why. He does not contend that he "was prevented from managing his affairs or understanding his appeal rights." *United States v. Johnson*, 734 Fed. Appx 153, 159 (3d Cir. 2018). He offers no specificity as to any alleged lack of access to courts, nor does he expound on any steps he took to diligently pursue his federal claims.

Moreover, Grier does not attempt to establish, nor does the record demonstrate, that extraordinary circumstances prevented him from filing. Indeed, as noted, the instant habeas petition is a virtual carbon copy of his most recent PCRA petition, which was denied as untimely and for failing to raise a claim upon which relief may be granted. The issues are generally duplicative of claims he raised years ago in this matter. Indeed, the only new argument raised here is in regard to

14

the later-acquired DNA evidence. However, as the Pennsylvania Superior Court noted, both the January 31, 2013 report and the October 5, 2014 supplemental report were inconclusive, and neither excluded Grier as a potential perpetrator. *See Grier*, 2017 WL 1379940, *6. Indeed, Grier fully acknowledges that the DNA testing was inconclusive and not exculpatory. ECF No. 16, pp. 16, 37. Reasserting earlier denied claims based on DNA testing evidence with virtually no probative value simply does not constitute the type of extraordinary situation meant to warrant equitable tolling, particularly in light of the fact that it is Grier's burden to prove the requirements for such tolling. *See Pace*, 544 U.S. at 418.

      C.     Actual Innocence Claim

Grier has not expressly raised a claim that his actual innocence of the crimes charged takes his petition out from under the AEDPA's one-year statute of limitations. However, even assuming that his contentions regarding the newly acquired DNA evidence could be construed as supporting a claim that he is actually innocent of his crimes of conviction, Grier is not entitled to relief. In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. To make this showing, a petitioner must present "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 324, 327). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *See McQuiggan*, 569 U.S. at 399-40. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *Id.* at 386.

Even assuming the DNA evidence contained in the January 31, 2013 and October 5, 2014 reports can be considered to be new and reliable, it in no way is so probative of innocence that no reasonable juror would have convicted Grier of the crimes for which he was ultimately convicted. An actual innocence claim "involves evidence the trial jury did not have before it," and therefore, "the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record." *House v. Bell*, 547 U.S. 518, 538 (2006). The inquiry considers "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* (internal citations and quotation marks omitted). The court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.[10]

As discussed above, by Grier's own admission, the DNA testing was inconclusive and not exculpatory, and did not exclude him as a potential perpetrator. Moreover, his conviction was based largely on his own confession, and the identity of the perpetrator was not at issue. Rather, Grier had argued that the sex with the victim was consensual. It is not clear that evidence conclusively excluding Grier as the source of the DNA would be so probative as to meet the high standard required to establish actual innocence. The inconclusive DNA testing results here do not even come close. *See, e.g., Rowe v. Giroux*, 2016 WL 4440236, *5 (M.D. Pa. Aug. 23, 2016); *Dean v. Folino*, 2008 WL, *4 (E.D. Pa. Dec. 26, 2008).

---

[10] Actual innocence claims can be either procedural or substantive, and the two types are evaluated somewhat differently. *See Schlup*, 513 U.S. at 316–17. In a substantive actual innocence claim, the petitioner's new evidence must be strong enough to convince the court that his sentence is constitutionally intolerable "even if his conviction was the product of a fair trial." *Id.* at 316. In a procedural – or "gateway" – actual innocence claim, the petitioner's new evidence need only establish sufficient doubt about his guilt to justify a conclusion that his sentence is a miscarriage of justice "unless his conviction was the product of a fair trial." *Id.* That is, a petitioner satisfies the gateway standard if his new evidence raises "sufficient doubt about [his] guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional error." *Id.* at 317. Grier does appear to assert that there were constitutional errors at his trial, which would make his actual innocence claim a procedural one. Ultimately, though, it makes no difference whether the Court were to consider Grier to be raising a substantive or procedural actual innocence claim because, as explained herein, the new evidence at issue has minimal, if any, probative value and is not exculpatory in nature in any event.

16

IV.     Certificate of Appealability

The AEDPA codifies the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). The statute also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Grier's claims should be dismissed because they are time-barred. Accordingly, the Court will not issue a certificate of appealability on Grier's grounds for relief.

V.     Conclusion

For the foregoing reasons, the instant petition is dismissed because it is time-barred. Grier did not file the § 2254 petition within the one-year AEDPA statute of limitations and no tolling or other exceptions apply to his petition. The petition is therefore dismissed with prejudice.

An appropriate Order follows.

**ORDER**

AND NOW, this 9th day of June, 2020, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Emmitt Grier's claim for federal habeas corpus relief is DISMISSED with prejudice and a certificate of appealability is DENIED as to the claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

*[signature]*
RICHARD A. LANZILLO
United States Magistrate Judge